# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

DIEGO CARDOSO,                            :
                                         :
    Plaintiff,           :  Case No. _____
                                         :
v.                                       :  JURY DEMAND
                                         :
GENERAL MILLS OPERATIONS, LLC,           :
                                         :
    Defendant.           :

## <u>COMPLAINT</u>

This is a case about a Hispanic worker who was the only such employee on his shift, performed better than others, and was terminated shortly complaining about racial targeting. Supervisors used racial language and stereotypes, mocked safety concerns, denied peer review protections, and fired him for conduct tolerated of white employees. Plaintiff worked at Defendant's Murfreesboro, Tennessee, location until he was terminated for pretextual reasons that sought to hide discriminatory and retaliatory animus. Some of the individuals who engaged in or allowed such behavior against Plaintiff also worked with or were supervised by racist white employees who previously worked at General Mills' Covington facility, which caused thirty plaintiffs to filed suit in the Northern District of Georgia, Atlanta Division. A class action with 16 named plaintiffs addressing the pattern and practice of intentional race discrimination at the Covington facility is

pending in the referenced Court as Case No. 1:24-cv-02409-MLB-JKL. There are 16 additional individual lawsuits designated in PACER as related to the class action.[1]

<u>**JURISDICTION AND VENUE**</u>

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States. The Court has supplemental jurisdiction over the Tennessee state law claims under 28 U.S.C. § 1367.

2.

Plaintiff asserts claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* ("§ 1981"), Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and the Tennessee Human Rights Act, Tenn. Code Ann. § 4-21-101 *et seq.* ("THRA").

---

[1] The plaintiffs' names are Donald Brooks, Gary East, Tamaris Goss, Jimmie Granville, Brandon Hogan, LeTonya Hunter, Yussef Ibrahim, Devahn Jefferson, Kelvin Phillips, Keisha Reed, Titus Reid, Levi Sanders, Joshua Sullivan, Laquanda Turner, Nathan Waters, and Conrad James.

3.

Pursuant to 28 U.S.C. § 1391(b) and § 1391(c), the Nashville Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Nashville Division of this Court.

**PARTIES**

4.

Cardoso is a Hispanic male and former employee of Defendant who worked at General Mills' manufacturing facility in Murfreesboro, Tennessee.

5.

Cardoso is a resident of the State of Tennessee; he submits himself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and was properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

7.

Defendant General Mills Operations, LLC is a subsidiary, parent, and/or affiliated corporate entity that, at all relevant times, operated the Yoplait logistics facility in Murfreesboro, Tennessee.

**ADMINISTRATIVE PROCEEDINGS**

8.

Defendant is a covered employer under Title VII.

9.

Cardoso timely filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC").

10.

This lawsuit timely filed after the EEOC's issuance of the Notice of the Right to Sue ("NRTS").

11.

Cardoso made a good faith effort to comply with EEOC regulations and applicable law and to provide all relevant, specific information available.

12.

All conditions precedent to jurisdiction under Title VII have been satisfied.

13.

This suit is timely, appropriate, and valid in all respects.

4

## STATEMENT OF FACTS

### 14.

Diego Cardoso, a Hispanic man of Mexican national origin, worked as a third-shift forklift operator in the logistics department of General Mills' Yoplait production facility in Murfreesboro, Tennessee for five years. Throughout his tenure, he performed his job diligently and consistently received positive feedback from peers.

### 15.

Cardoso was the only Hispanic forklift operator on any shift across the logistics department. The work culture became increasingly hostile and discriminatory after a new supervisor, Stacey Hall, was hired in 2023. Hall began a campaign of differential treatment and disparagement that culminated in Cardoso's unjustified termination on June 20, 2024.

### 16.

Plaintiff was employed by Defendant from approximately 2020 through June 20, 2024, working on third shift in the logistics department of General Mills' Murfreesboro Yoplait facility.

### 17.

Plaintiff was the only Hispanic forklift operator on his shift, and potentially in the entire logistics department.

18.

In early 2023, Stacey Hall was hired as Plaintiff's direct supervisor. Hall almost immediately began treating Plaintiff differently than similarly situated non-Hispanic coworkers.

19.

For example, while it was common and accepted for logistics operators to take long breaks when production lines were down, Hall began scrutinizing only Cardoso's time and performance.

20.

On multiple occasions, Hall smiled and mocked Plaintiff when informing him of alleged "performance issues," including accusing him of long periods of inactivity based solely on scanner records, which were never used to discipline white coworkers.

21.

In June 2024, Hall accused Plaintiff of over five hours of scanner inactivity on two separate shifts (June 4 and June 10). Plaintiff explained that he had completed his duties and followed the same schedule as others. Hall dismissed this explanation and told him that his inability to "recall" what he did would be documented.

6

22.

At no time did Hall question other employees—such as Cameron Burnette, Anthony Hutching, or Chris Schultz—who routinely took longer breaks or had fewer cycle counts.  At the relevant time, Plaintiff had 72 counts, exceeding at least 12 other operators.

23.

Plaintiff was also subjected to racial hostility. Hall repeatedly referred to him as "trash," according to a coworker who overheard the comment on multiple occasions. When Plaintiff reported being threatened by another employee who told him "I'll kill you," Hall laughed and asked what Plaintiff did to deserve it.

24.

After enforcing a policy as temporary HR coordinator, a white female team leader texted Plaintiff that "karma is a bitch."  The text was part of a group chat with other employees and came after Plaintiff sought to enforce a company policy. Plaintiff reported this as threatening, but Hall again laughed and took no action.

25.

Hall and Aaron Thrasher (the manager who approved Plaintiff's termination) were personal friends. Thrasher himself admitted to Cardoso that it "looked like" Hall was targeting him, yet no corrective action was taken.  Despite

this acknowledgment, Thrasher approved Hall's request for termination shortly thereafter demonstrating coordinated action in retaliation

26.

Plaintiff attempted to file a Peer Review Appeal after being informed of his termination, but HR refused to accept it, in direct violation of company policy which guarantees this appeal right.

27.

Plaintiff was denied progressive discipline, despite General Mills' policy requiring verbal and written warnings prior to termination for performance issues.

28.

Text messages and emails from coworkers—including HR associate Corey Davenport and forklift operator Walter Byrne—acknowledge that Plaintiff was treated unfairly and likely targeted. One coworker stated, "Jesus Christ man! They were for sure targeting!" Another confirmed that Hall "called you 'trash' multiple times."

29.

General Mills later falsely claimed that Plaintiff had not complained about racial treatment. But Plaintiff had repeatedly told both Hall and Thrasher that he

was being targeted, and text message and other evidence shows coworkers were aware of this dynamic.

30.

Plaintiff suffered severe emotional distress, economic loss, and reputational harm as a result of this discriminatory and retaliatory termination.

## **COUNT ONE**

Title VII:  Disparate Treatment/Discrimination (Race)

31.

Cardoso repeats and realleges each and every allegation above as it set forth herein in full.

32.

Cardoso is a member of a class protected by Title VII.

33.

Defendant is a covered employer under Title VII.

34.

Cardoso suffered adverse employment actions, including termination, despite being qualified for his position.

35.

Cardoso was treated less favorably than similarly situated employees outside of his protected class, including white employees who received

appropriate training and support, who falsified documents intentionally without reprimand, and who were permitted to take longer breaks and therefore complete fewer job duties.

36.

Cardoso had been subjected to a racially hostile work environment and Defendant was aware of racial comments, actions, and disparate treatment that had been taken against him.

37.

Cardoso's race was a motivating factor for the adverse employment actions taken against him.

38.

Cardoso asserts a disparate treatment claim pursuant to Title VII.

39.

Cardoso is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## COUNT TWO

### Title VII:  Retaliation (Race)

40.

Cardoso repeats and realleges each and every allegation above as it set forth herein in full.

41.

Cardoso is a member of a class protected by Title VII.

42.

Defendant is a covered employer under Title VII.

43.

Cardoso engaged in a protected activity when he complained about non-Hispanic supervisors' disparate treatment of him to HR.

44.

In retaliation for Cardoso's protected activity, Defendant took materially adverse actions against him, including disciplining him, telling the offending supervisors and/or harassers about his complaints, creating a hostile work environment that would have dissuaded a reasonable worker from making complaints of discrimination and harassment, failing to promote him, holding him to a higher standard of conduct than white employees, and taking disparate adverse actions against him, including termination.

45.

Cardoso's protected activity under Title VII was a motivating factor and but for cause of the adverse employment action taken against him.

46.

Cardoso asserts a retaliation claim pursuant to Title VII.

47.

Cardoso is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## **COUNT THREE**

### Title VII:  Hostile Work Environment (Race)

48.

Cardoso repeats and realleges each and every allegation above as it set forth herein in full.

49.

Cardoso was discriminated against and harassed based on his race by General Mills' supervisors and coworkers, including Aaron Thrasher, Stacey Hall, Cissy Lanier, William Robinson.

50.

The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Cardoso, were viewed as subjectively hostile and abusive by Cardoso, and would be viewed as objectively hostile and abusive to a reasonable person.

51.

Cardoso complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discrimination and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

52.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Cardoso.

53.

Cardoso asserts a hostile work environment claim pursuant to Title VII.

### **COUNT FOUR**

<u>42 U.S.C. § 1981: Race Discrimination</u>

54.

Cardoso repeats and realleges each and every allegation above as it set forth herein in full.

55.

Pursuant to the Civil Rights Act of 1866 –

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws

and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). This provision applies to nongovernmental discrimination. *Id.* at § 1981(c).

### 56.

Cardoso suffered adverse employment actions, including termination, despite being qualified for his position.

### 57.

Cardoso was treated less favorably than similarly situated employees outside of his protected class, including non-Hispanic employees who received appropriate training and support, who falsified documents intentionally without reprimand, and who were permitted to take longer breaks and therefore complete fewer job duties for the same amount or more pay.

### 58.

Due to the discriminatory practices of Defendant, non-Hispanic employees' attempts to advance in the company are futile if they in any way oppose racially discriminatory acts or omissions by management or HR.

14

59.

Cardoso asserts a disparate treatment claim pursuant to 42 U.S.C. § 1981.

60.

The actions by General Mills described in this Count amount to an ongoing and continuous violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

61.

Cardoso is entitled to an award of damages against Defendant in an amount equal to all monetary and non-monetary losses he suffered.

## **COUNT FIVE**

### 42 U.S.C. § 1981: Retaliation

62.

Cardoso repeats and realleges each and every allegation above as it set forth herein in full.

63.

Cardoso engaged in a protected activity when he complained about Forsythe's discriminatorily hostile actions towards him that were not taken against white employees.

64.

In retaliation for Cardoso's protected activity, Defendant took materially adverse actions against him, including disciplining him, creating a hostile work

15

environment that would have dissuaded a reasonable worker from making complaints of discrimination and harassment, failing to promote him, holding him to a higher standard of conduct than white employees, and taking disparate adverse actions against him, including termination.

65.

Cardoso asserts a retaliation claim pursuant to 42 U.S.C. § 1981.

## COUNT SIX

### 42 U.S.C. § 1981:  Hostile Work Environment

66.

Cardoso repeats and realleges each and every allegation above as it set forth herein in full.

67.

Cardoso was discriminated against and harassed based on his race by General Mills' supervisors and coworkers, including Aaron Thrasher, Stacey Hall, Cissy Lanier, William Robinson.

68.

Cardoso's supervisors and coworkers' discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Cardoso, were viewed as subjectively hostile and abusive by Cardoso, and would be viewed as objectively hostile and abusive to a reasonable person.

16

69.

Cardoso complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discriminations and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

70.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

71.

Cardoso asserts a hostile work environment claim pursuant to 42 U.S.C. § 1981.

## **COUNT SEVEN**

Title VII: Disparate Treatment/Discrimination (National Origin)

72.

Cardoso repeats and realleges each and every allegation above as it set forth herein in full.

73.

Cardoso is a member of a class protected by Title VII, i.e. his nation of origin is Mexico.

74.

Defendant is a covered employer under Title VII.

75.

Cardoso suffered adverse employment actions, including termination, despite being qualified for his position.

76.

Cardoso was treated less favorably than similarly situated employees outside of his protected class, including non-Hispanic employees who received appropriate training and support, who falsified documents intentionally without reprimand, and who were permitted to take longer breaks and therefore complete fewer job duties.

77.

Cardoso's race was a motivating factor for the adverse employment actions taken against him.

78.

Cardoso asserts a disparate treatment claim pursuant to Title VII.

79.

Cardoso is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

**COUNT EIGHT**

Title VII:  Retaliation (National Origin)

80.

Cardoso repeats and realleges each and every allegation above as it set forth herein in full.

81.

Cardoso is a member of a class protected by Title VII.

82.

Defendant is a covered employer under Title VII.

83.

Cardoso engaged in a protected activity when he complained about his supervisors' disparate treatment of him on the basis of national origin to HR.

84.

In retaliation for Cardoso's protected activity, Defendant took materially adverse actions against him, including disciplining him, creating a hostile work environment that would have dissuaded a reasonable worker from making complaints of discrimination and harassment, failing to promote him, holding him to a higher standard of conduct than white employees, and taking disparate adverse actions against him, including termination.

85.

Cardoso's protected activity under Title VII was a motivating factor and but for cause of the adverse employment action taken against them.

86.

Cardoso asserts a retaliation claim pursuant to Title VII.

87.

Cardoso is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## COUNT NINE

### Title VII:  Hostile Work Environment (National Origin)

88.

Cardoso repeats and realleges each and every allegation above as it set forth herein in full.

89.

Cardoso was discriminated against and harassed based on his national origin by General Mills' supervisors and coworkers, including Aaron Thrasher, Stacey Hall, Cissy Lanier, William Robinson.

90.

The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Cardoso, were viewed as

20

subjectively hostile and abusive by Cardoso, and would be viewed as objectively hostile and abusive to a reasonable person.

91.

Cardoso complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discrimination and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

92.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Granville.

93.

Cardoso asserts a hostile work environment claim, on the basis of national origin, pursuant to Title VII.

**COUNT TEN**

THRA Discrimination

Tenn. Code Ann. § 4-21-101 et seq.

94.

As a Hispanic man, Plaintiff is a protected class member under the THRA.

95.

Plaintiff was qualified for the job he held with Defendant.

96.

While employed by Defendant, Plaintiff was subjected to discrimination on the basis of race, including being punished for conduct that non-Hispanic employees engaged in without negative consequences, including job performance and breaks; being retaliated against for complaining of discriminatory and disparate treatment by non-Hispanic supervisors; and being terminated for conduct that white employees engaged in without repercussions.

97.

Defendant failed to adequately train and supervise its employees on the laws prohibiting race-based discrimination, as evidenced by the failure to correct the discrimination and harassment Plaintiff experienced (despite Plaintiff's complaints), as well as its disparate treatment of Plaintiff as compared to his white counterparts.

98.

By discriminating against Plaintiff because of his race, Defendant violated Plaintiff's state right to be free from discrimination because of race.

99.

As a result of these acts and omissions, Defendant violated the THRA.

100.

As a result of Defendant's violation of the THRA, Plaintiff is entitled to compensatory damages in an amount to be proven at trial, back pay, interest on back pay, front pay, other equitable relief, and reasonable costs and attorney's fees.

**COUNT ELEVEN**

THRA Retaliation

Tenn. Code Ann. § 4-21-101 et seq.

101.

Plaintiff engaged in protected activity under the THRA when he complained about race discrimination and harassment.

102.

Defendant knew that Plaintiff had engaged in protected activity by reporting his concerns about non-Hispanic supervisors' racially discriminatory behavior.

103.

After Plaintiff reported his supervisors, Defendant failed to take any corrective action but instead informed the supervisors and harassers of the complaint, causing them to intensify their nitpicking and harassment of Plaintiff.

104.

By deliberately failing to take reasonable action to prevent and correct the unlawful actions described above and punishing Plaintiff (and not the discriminatory and harassing parties), Defendant created a retaliatorily hostile work environment.

105.

Defendant's retaliatory actions would discourage a reasonable person from reporting workplace discrimination and harassment.

106.

There was a causal connection between Plaintiff's protected activity and the adverse actions described above.

107.

As a result of these acts and omissions, Defendant violated the THRA.

108.

As a result of Defendant's violation of the THRA, Plaintiff is entitled to compensatory damages in an amount to be proven at trial, back pay, interest on back pay, front pay, other equitable relief, and reasonable costs and attorney's fees.

24

## COUNT TWELVE

THRA Hostile Work Environment

Tenn. Code Ann. § 4-21-101 et seq.

109.

As a Hispanic man, Plaintiff is a protected class member under THRA.

110.

Throughout his employment, Plaintiff was subjected to unwelcome harassment based on his race by Defendant's employees.

111.

The harassment was humiliating and intimidating and was sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

112.

Specifically, Plaintiff was subjected to racially offensive, severe, or pervasive insults on various occasions by non-Hispanic employees.

113.

Defendant failed to adequately train and supervise its employees on the laws prohibiting race-based harassment, as evidenced by the failure to correct the harassment Plaintiff experienced, despite its pervasiveness and Plaintiff's complaints.

114.

Because Defendant did not take Plaintiff's complaints seriously and did not take corrective action to resolve his concerns, it tolerated and encouraged a racially hostile working environment.

115.

As a result of these acts and omissions, Defendant violated the THRA.

116.

As a result of these discriminatory acts, Plaintiff is entitled to compensatory damages in an amount to be determined at trial, back pay, interest on back pay, front pay, other equitable relief, and reasonable costs and attorney's fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Cardoso demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that the systemic pattern and practice of racially hostile and discriminatory employment practices that made advancement at the Murfreesboro facility futile and caused catastrophic harm to Cardoso's career in violation of his § 1981, Title VII, and THRA rights;

(b) Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration implementing lawful

26

employment practices that give minority employees the full benefit of employment at General Mills;

(c) Full back pay from the date Cardoso was no longer permitted to work taking into account all raises to which he would have been entitled but for Defendant's unlawful activity, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d) Reinstatement or front pay to compensate Cardoso for lost future wages, benefits, and pension;

(e) Full amount of financial losses caused to Cardoso as a result of the racist and otherwise unlawful employment practices at the Covington facility;

(f) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Cardoso's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(g) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(h) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct

27

toward Cardoso and deter Defendant from similar conduct in the future;

(i) Judgment against Defendant for damages incurred by Cardoso;

(j) Judgment against Defendant in an amount to fully and adequately compensate Cardoso;

(k) An award of pre-judgment and post-judgment interest;

(l) A trial by jury on all issues triable to a jury; and

(m) Other and further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of July 2025.


By: /s/ Jesse Ford Harbison
Tennessee Bar No. 032105
Attorney for Plaintiff
Jesse Harbison Law, PLLC
Post Office Box 68251
Nashville, Tennessee  37206
T:  (629) 201-7284
E: *jesse@jesseharbisonlaw.com*